NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILSON ARRIVILLAGA-RAMOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-72335

Agency No. A205-070-621

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Wilson Arrivillaga-Ramos, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Arrivillaga-Ramos's testimony, his medical record, and the police report regarding the date he was attacked and kidnapped. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Arrivillaga-Ramos's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that the non-testimonial evidence provided by Arrivillaga-Ramos does not otherwise establish eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim). Thus, in the absence of credible testimony, in this case, Arrivillaga-Ramos's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of this disposition, we need not reach his remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

15-72335

Substantial evidence also supports the agency's denial of CAT relief because Arrivillaga-Ramos's claim was based on the same testimony the agency found not credible, and Arrivillaga-Ramos does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in Guatemala. *See Farah*, 348 F.3d at 1157.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**